IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| JOHN STEPHEN ROUTT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 18-CV-439 JHP-JFJ |
|  | ) |  |
| DUSTIN HANSFORD, Detention Officer, | ) |  |
| JOSHUA LANKFORD, Kitchen Supervisor, | ) |  |
| and ARAMARK CORPORATION, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Before the Court is Plaintiff's 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). Plaintiff is an inmate at Lawton Correctional Facility. Dkt. 1, Complaint, at 4. He alleges Correctional Officer Hansford slammed him against a wall and then placed him in lockdown for no reason. Plaintiff further alleges Kitchen Supervisor Lankford and Aramark Corporation (Aramark) served unsanitary food. *Id.* at 7. For the reasons discussed below, the Court will dismiss the claims regarding lockdown and unsanitary food and grant leave to file an amended complaint.

**I. Screening/Dismissal Standards**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell*

*Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so …." *Id.* However, the Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotations and citations omitted)). Nor will the Court "supply additional factual allegations to round out a plaintiff's

2

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II. Screening the Complaint

Plaintiff asserts three claims under 42 U.S.C. § 1983. He alleges: (Count I) Defendant Hansford applied excessive force; (Count II) Defendant Hansford placed Plaintiff in solitary confinement without due process; and (Count III) Defendants Lankford and Aramark served Plaintiff unsanitary meat. Dkt. 1, Complaint, at 3-6. In his prayer for relief, Plaintiff seeks $25,000 in compensatory damages; $25,000 in nominal damages; and $1 million in punitive damages. *Id.* at 6. The Court will address each Count below.

### a. Count I: Excessive Force Claim Against Defendant Hansford

In Count I, Plaintiff alleges the prison assigned Defendant Hansford to escort him from the medical unit to the housing pod on November 20, 2016. Dkt. 1, Complaint, at 4. As they were walking down a hallway, Hansford allegedly twisted Plaintiff's arm and slammed him into a wall twice. *Id.* At some point two other officers approached the area, and Plaintiff stopped to talk to them. *Id.* Thereafter, the officers allegedly joined Hansford in restraining Plaintiff. *Id.* He contends they twisted his arms behind his back, marched him to his cell, swung him forward, and shoved him inside. *Id.* at 5. The movement purportedly hurt Plaintiff's neck, back, and shoulder. *Id.* Plaintiff alleges he was simply walking back to his housing pod and did "nothing for force to be used." *Id.* at 4. He believes Hansford used force "in a malicious and sadistic manner" to inflict harm and impose a punishment. *Id.* at 4-5.

This is not the first time Defendant filed suit based on the above occurrences. On November 13, 2017, he filed a Civil Rights Complaint against different guards involved in the incident. *See*

*Routt v. Harris,* 17-CV-020 JED-JFJ. The original Complaint described the same events but referred to the primarily wrongdoer (Hansford) as a "male detention officer." Dkt. 1 in 17-CV-020, Complaint, at 5-6. A few weeks after filing the original Complaint, Plaintiff identified the officer as Dustin Hansford and filed a motion to assert additional claims against him. Dkt. 5 in 17-CV-020, Mnt to Supplement. The Court granted the motion and directed Plaintiff to file an amended complaint by March 17, 2017. Dkt. 6 in 17-CV-020, Order. Plaintiff failed to comply, and the case proceeded against the existing defendants. On January 22, 2018, when the case was ready for a dispositive ruling, Plaintiff filed a second motion to add Hansford as a Defendant. Dkt. 47 in 17-CV-020, Mnt for Joinder of Party. By an Opinion and Order entered May 25, 2018, this Court denied the second motion and dismissed the claims against the remaining defendants. Dkt. 52 in 17-CV-020, Opinion. By a Mandate issued April 12, 2019, the Tenth Circuit affirmed the dismissal. Dkt. 65 in 17-CV-020, UCCA Mandate.

On this record, it is not entirely clear that Plaintiff can renew his claims against Hansford in this proceeding. However, preclusion principles must be raised as an affirmative defense, and there is nothing on the face of the complaint that would permit the Court to *sua sponte* dismiss on that basis. *See Keller Tank Servs. II, Inc. v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1193 (10th Cir. 2017) (preclusion principles must be raised as an affirmative defense); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed sua sponte under § 1915 based on an affirmative defense only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.") (quotations omitted). The Court will therefore screen the merits of Count I under 28 U.S.C. § 1915 and Fed. R. Civ. P. 12(b)(6).

To succeed on his excessive force claim, the "plaintiff must show (1) that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation; and (2) that defendants acted with a sufficiently culpable state of mind." *Norton v. The City Of Marietta*, 432 F.3d 1145, 1154 (10th Cir. 2005). "The objective component ... is contextual and responsive to contemporary standards of decency. The subjective element ... turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (quotations omitted). The wrongdoing here satisfies both elements: Plaintiff alleges Hansford slammed him into a wall multiple times with a sadistic intention to cause pain. Count I therefore survives initial review under 28 U.S.C. § 1915.

### b. Count II: Due Process Claim Against Defendant Hansford

Count II addresses Plaintiff's placement in lockdown. Dkt. 1, Complaint, at 7. On November 20, 2016 - the same day cited above - Defendant Hansford alleged placed Plaintiff on a 72-hour lockdown. *Id.* Hansford accused Plaintiff of hindering a prison employee in the performance of his duties. *Id.* Hansford allegedly failed to issue a misconduct report or written notice, and Plaintiff was not afforded a hearing. *Id.* Plaintiff contends the placement violated his Due Process rights under the Fifth and Fourteenth Amendments. *Id.*

Like Count I, Count II bears a striking resemblance to a claim Plaintiff raised in his earlier proceeding. There, Plaintiff alleged Officer Brown "arbitrarily and capriciously" punished him by placing him on lockdown for 72 hours for an "employee hindering" violation. Dkt. 1 in 17-CV-020, Complaint, at 7. Plaintiff argued Officer Brown failed to provide notice or a hearing on the alleged violation. *Id.* This Court determined Plaintiff failed to state a claim against Brown, and

5

the Tenth Circuit affirmed. Dkt. 52 in 17-CV-020, Opinion, at 21; Dkt. 65 in 17-CV-020, UCCA Mandate.

For purposes of this proceeding, the Court assumes the incidents are separate and Plaintiff is not trying to reassign liability to a new defendant. Nevertheless, the Tenth Circuit's ruling is instructive on whether the facts state a claim. In affirming the original dismissal, the Tenth Circuit noted Officer Brown issued the violation after Plaintiff argued with him and took food from another inmate's tray. *See Routt v. Howard*, 2019 WL 994517, at *5 (10th Cir. Mar. 1, 2019). The Tenth Circuit found there was no evidence of intent or that Brown exaggerated his response to the incident, and the response was reasonably related to the Jail's interest in maintaining security. *Id.* The instant Complaint is similarly devoid of any facts that demonstrate Hansford improperly imposed discipline. In fact, the circumstances surrounding the lockdown are entirely unclear. Plaintiff has not explained why Hansford believed Plaintiff was hindering employee performance or when Hansford placed Plaintiff in lockdown. Therefore, Count II fails to state a claim upon which relief can be granted.

### c. Count III: Conditions of Confinement Claim Against Lankford and Aramark

Count III appears to raise an Eighth Amendment claim based on Plaintiff's conditions of confinement. Between August 15, 2016 and November 2, 2017, Plaintiff alleges Kitchen Supervisor Joshua Lankford and Aramark served unsanitary meat. Dkt. 1, Complaint, at 7. The meat allegedly came from a package labelled: "Mechanically Separated Chicken, Soaked in Ammonia, Not for Human Consumption." *Id.* Plaintiff contends the meat has no nutritional value, contains chemicals, and constitutes a "poison to the human body." *Id*

As with Count I, Plaintiff appears to have raised, and then abandoned, Count III in the earlier proceeding. *See* Dkt. 1, Complaint in 17-CV-020. Notwithstanding any preclusion issues, however, Count III does not state a cognizable claim. To successfully challenge his conditions of confinement, a plaintiff must point to a deprivation that denies "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). The alleged deprivation must be objectively serious, such that it leads to "lead to deprivations of essential food, medical care, … sanitation … or other conditions intolerable for prison confinement." *Id.* The prison official must also "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998) (quotations omitted) (setting out the two-part test).

The mere fact that a food item is unappetizing or lacks nutrition does not implicate the Constitution. *See Ramos v. Lamm*, 639 F.2d 559, 570-71 (10th Cir. 1980). Rather, the food must "present an immediate danger to the health and well being of the inmates who consume it." *Id.* A food-deprivation claim depends on the particular facts of each situation, including the circumstances and duration of the challenged food service. *See Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). Although the Tenth Circuit has not analyzed the issue, most courts have held that prison officials do not violate the Constitution simply by serving meat labelled "not for human consumption." *See Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017); *Pratt v. Cox*, 2012 WL 7214076, at *7 (D. Nev. Dec. 19, 2012); *Cerrone v. Camden Cty. Jail*, 2017 WL 626710, at *1 (D.N.J. Feb. 15, 2017); *Ortega v. Felker*, 2010 WL 597140, at *10 (E.D. Cal. Feb. 17, 2010); *Marshall v. Bazzle*, 2009 WL 2858999, at *6 (D.S.C. Aug. 27, 2009). This is particularly true where the label appeared on one item, but other food was not entirely withheld. *See, e.g., Balcar,* 2017 2017 WL 3613479, at *2 ("This is not a case where food and nutrition were

withheld entirely, which can be a violation of the Eighth Amendment.").

In this case, it does not appear the chicken caused any health issues or that other food was entirely withheld, such that the chicken represented Plaintiff's only option. The facts also fail to demonstrate Lankford had a sufficiently culpable state of mind. And, even if Plaintiff could clear those hurdles, he cannot state a claim against Aramark without demonstrating the alleged violation resulted from some corporate policy or procedure. *See Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1316 (10th Cir. 1998) (To succeed in a § 1983 action against a corporate entity, the plaintiff must prove that the corporate employee or agent committed a constitutional violation and that the violation was a direct result of some policy or custom of the corporation). For these reasons, Count III fails to state a claim upon which relief can be granted.

**III. Opportunity to Amend**

The Tenth Circuit has counseled that *pro se* litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend the complaint should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In other words, "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson*, 907 F.2d at 126.

Applying this standard, the Court will dismiss Counts II and III without prejudice, but permit Plaintiff to file an amended complaint to cure the deficiencies identified herein. Plaintiff is cautioned that "[a]ny amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir.

2005). Therefore, Plaintiff must reincorporate the Count I allegations in any amended complaint to preserve that claim. If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court will dismiss the case without further notice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Counts II and III are **dismissed without prejudice** for failure to state a claim upon which relief can be granted.

2. Plaintiff may file an amended complaint no later than **May 27, 2019,** curing the deficiencies identified herein.

3. If Plaintiff declines to file an amended complaint by the specified deadline, or files another deficient complaint, this case will be dismissed for failure to state a claim upon which relief may be granted.

4. The Clerk of Court shall send Plaintiff a blank civil rights complaint (form PR-01), marked "Amended" and identified as **Case No. 18-CV-439 JHP-JFJ.**

**DATED** this 24th day of April 2019.

James H. Payne
United States District Judge
Northern District of Oklahoma