UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN STEPHEN ROUTT,<br><br>    Plaintiff,<br><br>v.<br><br>DUSTIN HANSFORD, ARAMARK CORPORATION, JOHN DOES #1 through #6,<br><br>    Defendants. | Case No. 4:18-cv-00439-CRK-JFJ |

## OPINION AND ORDER

Before the Court is defendant Aramark Correctional Services, LLC's ("Aramark") motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Def. [Aramark's] Mot. Dismiss, June 16, 2022, ECF No. 108 ("Def.'s MTD"). For the following reasons, Aramark's motion to dismiss is granted.

### BACKGROUND[1]

This case has a complex procedural history, and the Court recounts here only the facts relevant to Aramark's motion to dismiss. On September 24, 2020, Plaintiff John Routt filed an amended complaint under 42 U.S.C. § 1983 (2018) alleging causes of action against Defendant Dustin Hansford, Aramark, and John Does #1–6. Am.

---

[1] The facts contained in this section are taken from Plaintiff's amended complaint and assumed to be true for the purpose of this Opinion and Order. All citations to the amended complaint are to the page number of the document assigned by the Case Management/Electronic Case Files system.

4:18-cv-00439-CRK-JFJ

Civil Rights Compl. Pursuant to 42 U.S.C. § 1983, 1–7, Sept. 24, 2020, ECF No. 29 ("Compl."). In his complaint, Routt alleges that Aramark[2] is a citizen of Tulsa, Oklahoma, and contracted with the Tulsa County Sherriff's Office to provide food services in the Tulsa County Jail ("TCJ"). Id. at 1. Routt claims that "[b]etween Aug. 15, 2016 and Nov. 2, 2017, [he] was forced to eat meat soaked in ammonia." Id. at 3. He adds that Aramark "served the Plaintiff meat with no nutritional value, [sic] unhealthy, unsanitary, and a Health Hazard in violation of the 14th Amend." Id. More specifically, Routt claims that: "Defendant Aramark used a policy or custom of serving food, mechanically separated chicken in a forty (40) pound box marked soaked in ammonia, and not for human consumption to the population at the [TCJ]." Id. at 6. As a consequence, Routt says he suffered from an abnormally fast heart rate in November 2016, and complained of stomach pain since that period. Id.

Aramark filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on June 16, 2022, and the parties completed briefing on October 31, 2022. See Def.'s MTD; Pl.'s Resp. Def. Aramark's Mot. Dismiss, Oct. 17, 2022, ECF No. 130 ("Pl.'s Br."); Def. Aramark's Reply and Br. Supp. Pl.'s Resp. Mot. Dismiss, Oct. 31, 2022, ECF No. 132. Aramark also filed a motion for access to sealed

---

[2] Routt identifies a defendant by the name of "Aramark Corporation." Compl. at 1–3, 6. On June 21, 2022, Aramark Correctional Services, LLC filed a corporate disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 indicating that it had been incorrectly named "Aramark Corporation" in the amended complaint. Corporate Disclosure Statement, June 21, 2022, ECF No. 109; see Compl at 1. The Court considers any reference made to "Aramark Corporation" in Routt's papers to be a reference to Aramark Correctional Services, LLC.

4:18-cv-00439-CRK-JFJ

documents, to which Routt did not respond. See Mot. for Access to Sealed Docs., Oct. 20, 2022, ECF No. 131.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and reviews Defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." Broker's Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1135–36 (10th Cir. 2014). A complaint is legally sufficient if it contains factual allegations such that it states a plausible claim for relief on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain detailed factual allegations, it requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. A claim is facially plausible when the plaintiff pleads factual content allowing the court to draw reasonable inferences that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

The Court must construe a pro se plaintiff's complaint broadly. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, such generous construction given to a pro se litigant's allegations does not relieve a pro se litigant of "the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon,

935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. In reading a plaintiff's pleadings, the Court need not accept "mere conclusions characterizing pleaded facts," Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990), and "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## DISCUSSION

Aramark argues Routt's claims should be dismissed because (1) Routt failed to exhaust administrative remedies, (2) Routt failed to allege a violation of his constitutional rights, (3) Aramark is not a state actor pursuant to 42 U.S.C. § 1983, and (4) even if Aramark is a state actor, it is entitled to qualified immunity. Def.'s MTD at 21. Because Routt has failed to exhaust administrative remedies, his complaint is dismissed, and the Court need not address Aramark's other arguments.

Aramark argues that Routt has failed to comply with the Prison Litigation Reform Act ("PLRA")[3] by not exhausting administrative remedies available at the TCJ. Def.'s MTD at 6–7, and Routt responds that there were no remedies available to him to exhaust. Pl.'s Br. at 1. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." "There is no question

---

[3] The PLRA applies to pretrial detainees as well as prisoners. 42 U.S.C. § 1997e(h).

that exhaustion is mandatory under the PLRA." Jones v. Bock, 549 U.S. 199, 211 (2007). The language of the statute forecloses judicial discretion, and contains no exception for special circumstances. Ross v. Blake, 578 U.S. 632, 639 (2016). The only qualification to this mandate is that remedies must be "available." Id. That is, an inmate plaintiff need not exhaust administrative remedies which they are not, in fact, able to pursue. Compare Booth v. Churner, 532 U.S. 731, 740–41 (2001) (inmate seeking only money damages required to exhaust, even though money remedy was not offered in the grievance system) with Greer v. Dowling, 947 F.3d 1297, 1303 (10th Cir. 2020) (inmate failure to exhaust excused when prison officials actively prevented filing of grievance). However, the plaintiff bears the burden of showing that such remedies are unavailable, May v. Segovia, 929 F.3d 1223, 1234 (10th Cir. 2019), and as with other allegations on a motion to dismiss, conclusory statements that pursuing remedies would be futile do not excuse a failure to exhaust. See Mackey v. Ward, 128 F. App'x 676, 677 (10th Cir. 2005).[4]

Here, Routt does not contest that he failed to exhaust administrative remedies. See Pl.'s Br. at 1. Rather, he argues that remedies were not available because (1) he was released from the TCJ before he could file a grievance, and (2) violations of his rights occurred up until the day he was released. Id. Routt also states that, per the TCJ Inmate Handbook,[5] all grievances must be filed through the kiosk system, which

---

[4] The Court cites unpublished decisions for their persuasive value only. See Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).
[5] The Court takes judicial notice of the TCJ Inmate Handbook. Although the Court may not ordinarily consider extrinsic materials on a motion to dismiss, Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010), the Court may take judicial notice of

4:18-cv-00439-CRK-JFJ

he lost access to after being transferred. Id.; Inmate Handbook, Tulsa Cnty. Sheriff's Office, Ex. C, 23, (Oct. 2016), ECF No. 65-1.

Routt appears to suggest that because he was fed meat soaked in ammonia "[b]etween Aug. 15, 2016 and Nov. 2, 2017," Compl. at 6, he would not have been able to file grievances in connection with the meat he ate during the last several days' detention, because the time to do so would have been after he left, when he no longer had access to the kiosk system. Pl.'s Br. at 1. However, the Inmate Handbook, which details TCJ's policy with respect to grievances, requires that inmates "must file the grievance within seven (7) days of the alleged incident." Inmate Handbook at 21–22. Routt's argument also assumes that he could file a separate grievance for each and every time he was served the meat. See Pl.'s Br. at 1. However, the Inmate Handbook provides "[o]nly one grievance may be filed by one inmate regarding a single incident or item of concern" and "[t]he time for filing may begin from the date the problem or incident became known to the inmate." Inmate Handbook at 21. Therefore, Routt's opportunity to exhaust remedies did not begin anew each day he ate the complained-of food. Routt alleges he was served tainted meat from August 2016 through November 2017, and suffered stomach pains as a result from November 2016 onwards. Compl. at 3. By failing to complain about Aramark's services until August

---

facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The accuracy of the Inmate Handbook cannot be reasonably questioned because it was provided directly to the Court by the Tulsa County Sheriff's Office, and is cited in Routt's response to Aramark's motion to dismiss. Pl.'s Br. at 1. The Court relies on the Inmate Handbook insofar as it provides facts not reasonably disputed by the parties.

4:18-cv-00439-CRK-JFJ

2018, Routt has failed to follow both the requirements of the Inmate Handbook and the broader exhaustion requirement of the PLRA. Although there are some circumstances in which a court may find that remedies are unavailable, see, e.g., Ross, 578 U.S. at 643–44 (exhaustion requirement satisfied if administrators refuse to ever process grievances, or grievance procedure is unreasonably confusing, or prison officials discourage inmate grievances), none of these circumstances are alleged in this case.

Routt has failed to exhaust administrative remedies under the PLRA, so his complaint must be dismissed. See, e.g., Gallagher v. Shelton, 587 F.3d 1063, 1068 (10th Cir. 2009) (dismissing pro se prisoner's claim of tainted food under F. R. Civ. P. 12(b)(6) for failure to file grievance). Also, because Routt cannot exhaust remedies retroactively, see Porter v. Nussle, 534 U.S. 516, 524 (2002); Peoples v. Gilman, 109 Fed. App'x. 381, 383 (10th Cir. 2004) ("The filing of a grievance after the initiation of the lawsuit defeats the purpose of the statute"), granting leave to amend his complaint would be futile. See Curley v. Perry, 246 F.3d 1278, 1282 (10th Cir. 2001); Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). Therefore, the Court dismisses Routt's complaint with prejudice.

4:18-cv-00439-CRK-JFJ

## CONCLUSION

In light of the foregoing, it is

**ORDERED** that Defendant's motion to dismiss is GRANTED; and it is further

**ORDERED** that Count II of Plaintiff's complaint is DISMISSED with prejudice; and it is further

**ORDERED** that Defendant's Mot. for Access to Sealed Docs., Oct. 20, 2022, ECF No. 131, is DISMISSED as moot.

          /s/ Claire R. Kelly
          Claire R. Kelly, Judge[*]

Dated:    December 9, 2022
           New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.